# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CANTU SERVICES, INC.,<br>a Texas corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-12-129-R |
| | ) | |
| JAMES KEVAN WORLEY; and<br>BLACKSTONE CONSULTING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On June 7, 2021—in Doc. No. 110—the Court denied in part and granted in part Cantu Services Inc.'s ("Cantu") motion to compel, Doc. No. 99. In its Order, the Court also denied in part Blackstone Consulting Inc.'s ("BCI") motion for a protective order, Doc. No. 97. The Court explained that after the issuance of the Aycock Order on September 27, 2013, attorney Leif Swedlow's joint representation of BCI and Robert Brown "remained intact" because "Cantu offere[ed] no evidence that BCI and Brown, as co-clients, believed their joint representation ended." *Id.* p. 9.

However, the Court also found that "Cantu [ ] met its burden of showing sufficient evidence to warrant *in camera* review of the allegedly privileged communications." *Id.* p. 11. Accordingly, the Court ordered BCI to produce the requested communications for *in camera* review and permitted Cantu to serve its *subpoena duces tecum* on Brown. *Id.* p. 13. The documents in dispute are as follows:

Interrogatory Nos. 11–16 and Requests for Production Nos. 6–11, which request:

> **Interrogatory No. 11 and Request for Production No. 6:** All communications between BCI officers, employees, and representatives and Brown between May 1, 2013 and October 31, 2015 relating to the state court actions, the arbitration, the Aycock Order, and Cantu's termination.

> **Interrogatory No. 12 and Request for Production No. 7:** All communications between BCI officers, employees, and representatives and Swedlow between May 1, 2013 and October 31, 2015 relating to the state court actions, the arbitration, the Aycock Order, and Cantu's termination.

> **Interrogatory No. 13 and Request for Production No. 8:** All communications between Brown and Swedlow and other firm attorneys or employees between May 1, 2013 and October 31, 2015 relating to the state court actions, the arbitration, and the Aycock Order.

> **Interrogatory No. 14 and Request for Production No. 9:** All communications between Brown, BCI, and Swedlow and other firm attorneys or employees between May 1, 2013 and October 31, 2015 relating to the state court actions, the arbitration, the Aycock Order, and Cantu's termination.

> **Interrogatory No. 15 and Request for Production No. 10:** All documents relating to or comprising legal bills from Swedlow between May 1, 2013 and October 31, 2015 relating to the state court actions, the arbitration, and the federal court action confirming the arbitration award.

> **Interrogatory No. 16 and Request for Production No. 11:** All documents relating to the termination of Cantu as Brown's teaming partner at Fort Sill.

Doc. No. 110, pp. 6–7 (internal citations and footnotes omitted).

On June 15, 2021, the Court received BCI's materials for *in camera* review. After

Cantu served its *subpoena duces tecum* on Brown, Brown then produced the requested

materials for *in camera* review on July 7, 2021. The Court then reviewed the produced materials to determine whether the crime or fraud exception severed the attorney-client privilege or work-product doctrine.

"As the Tenth Circuit has previously stated, 'some type of prima facie showing of a crime or fraud is required under Oklahoma law in order to trigger the applicability of the crime-fraud exception.'" Doc. No. 110, pp. 10–11 (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995) (citing *White v. American Airlines, Inc.,* 915 F.2d 1414, 1424 (10th Cir. 1990))). After conducting its review, the Court concludes that the produced materials did not reveal any evidence of crime or fraud. Accordingly, the crime-fraud exception is inapplicable. Therefore, Cantu's motion to compel, Doc. No. 99, is DENIED. Further, BCI's motion for a protective order, Doc. No. 97, is GRANTED.

**IT IS SO ORDERED** on this 12th day of July 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE